**UNITED STATES of America**

v.

**PARCEL OF PROPERTY LOCATED AT 155 BEMIS ROAD, MANCHESTER, N.H., with all contents, appurtenances and improvements thereto, and the corporation and business known as State Scale Co., Inc., and all shares and assets therein.**

**Civ. No. 90–424–D.**

United States District Court, D. New Hampshire.

Feb. 19, 1991.

Michael J. Gunnison, Asst. U.S. Atty., Concord, N.H., for U.S.

Kevin E. Sharkey, Manchester, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

Patrick S. Cunan, claimant in these civil forfeiture proceedings, has moved to dismiss the Verified Complaint In Rem ("complaint") filed by the plaintiff United States of America. Following hearing, the court addresses the issues raised by such motion and the plaintiff's objection thereto.

## 1. BACKGROUND

The complaint seeks forfeiture of the premises known as 155 Bemis Road, Manchester, New Hampshire ("155 Bemis Road"), and the business entity known as State Scale Co., Inc. ("State Scale"). The plaintiff contends these properties have been involved in violations of 18 U.S.C. §§ 981(a)(1),[1] 1956(a)(1),[2] and

---

**1.** 18 U.S.C. § 981(a)(1) provides in relevant part that

the following property is subject to forfeiture to the United States:

(A) any property, real or personal, involved in a transaction or attempted transaction in violation of ... section 1956 or 1957 of this title, or any property traceable to such property....

**2.** 18 U.S.C. § 1956(a)(1) provides:

Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity—

(A)(i) with the intent to promote the carrying on of specified unlawful activity; or

1957,[3] and 21 U.S.C. §§ 881(a)(6) and (7).[4]

The relevant facts focus on the activities of Richard DeCato, Jr. ("DeCato"), an accused drug trafficker and fugitive from criminal drug charges.[5] DeCato has resided, at various times, in Massachusetts, New Hampshire, and Maine. He has made use of aliases, including "Patrick Cunan", "Richard Cunan", and "Tracy Bolduc". He is known to have cohabited with one Donna Buswell.

The real Patrick Cunan ("Cunan") is the sole stockholder and president of State Scale, a business operating at 155 Bemis Road. Cunan resides at 35 Morrison Street, Manchester, New Hampshire, with his wife Patricia.[6]

Charged with drug offenses in a state (Manchester District) court as a result of the execution of search warrants on April 21, 1981, and August 31, 1982, DeCato defaulted and has been a fugitive on such charges since 1982.

On August 10, 1990, DeCato was operating an Isuzu Trooper motor vehicle when he was stopped for traffic violations by the Wells, Maine, police. He produced a Massachusetts license in the name of "Patrick Cunan, Apartment 2, 101 Third Street, Lowell, Massachusetts".[7] The record check showed this license to have been suspended for prior motor vehicle offenses, and DeCato was therefore arrested for operating with a suspended license. Subsequent execution of a Maine state search warrant for the Trooper resulted in recovery of approximately $20,000 in cash,[8] a 25 calibre semiautomatic pistol, a dial-a-gram scale with apparent marijuana residue, a money belt, an address book, and a notebook. Also found in DeCato's possession were various forms of identification in the names of "Patrick Steven Cunan", "R. Cunan", "Richard J. Cunan", and "Richard and Donna Buswell".

DeCato initially signed police/court documents as "Patrick S. Cunan". When the Wells police indicated they were sending his fingerprints to the Manchester police department, DeCato admitted his true identity.

In late 1988, one or more persons using the names "Richard Cunan", "Patrick Cunan", and "Troy Bolduc" leased a rental

---

(ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or

(B) knowing that the transaction is designed in whole or in part—

(i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

(ii) to avoid a transaction reporting requirement under State or Federal law,

shall be [guilty of an offense against the United States].

**3.** 18 U.S.C. § 1957 provides in relevant part:

Whoever ... knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity [shall be guilty of an offense against the United States].

**4.** 21 U.S.C. § 881(a)(6) and (7) provide in relevant part:

(a) The following shall be subject to forfeiture and no property right shall exist in them:

....

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter....

(7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this title punishable by more than one year's imprisonment....

**5.** The majority of the facts set forth in this order are gleaned from the lengthy affidavit of David Nicholson, Special Agent, Criminal Investigation Division, Internal Revenue Service ("IRS"). Nicholson has been investigating DeCato's illegal activities since 1988.

**6.** At hearing, claimant's counsel stated that Cunan is the brother-in-law of DeCato.

**7.** The Lowell address is set forth in the affidavit as having been used by DeCato on other occasions.

**8.** When DeCato was initially stopped, the arresting officer saw in plain view and took possession of approximately $2,000 cash.

storage area in Arundel, Maine. Over one thousand pounds of marijuana were found in one such unit when the storage owners, mistakenly believing the lease for the unit had expired, opened the unit and discovered the marijuana therein.[9]

For the years 1984, 1985, 1986, and 1987, federal income tax returns prepared for DeCato indicated that he was employed by State Scale, with either 1099 or W–2 forms reporting such employment status. DeCato's 1985 return described his employment as that of a salesman for State Scale. A 1988 filing claimed he was paid $45,000 by State Scale to serve as a self-employed independent contractor. And, although a 1982 tax return did not list State Scale as the source of any of DeCato's income, a hand-written note attached to the preparer's copy of that return directed that the preparer send the bill for such tax preparation to State Scale at Cunan's home address of 35 Morrison Street.

On October 15, 1986, John and Estella Waterhouse sold, for $47,000, real estate near Hanson Brook in Waterboro, Maine, to Prestige Precious Metals, Inc. ("Prestige"), 35 Morrison Street, Manchester, New Hampshire.[10] A search of relevant records revealed no recorded mortgage with which to finance this transaction or subsequent improvements to this property. On April 8, 1987, the town of Waterboro approved a building permit on this property in the names of "Patrick–Richard Cunan".

By written agreement of March 28, 1990, Prestige granted an exclusive right for sale of this property at a price of $300,000 to a Maine realtor ("Realtor A"). The sales agreement is purportedly signed "Prestige Precious Metals, Inc. by: Patrick S. Cunan". When shown a photo array, Realtor A identified DeCato as the man who gave her this listing, and she stated she knew DeCato as "Richard Cunan". Realtor A also said that DeCato told her his brother, Patrick Cunan, owned State Scale and the Maine property and that he employed DeCato to work on the properties as his general contractor. Such employment was

compensated by a check from either Cunan or State Scale.

A second Maine realtor ("Realtor B") also identified a photo of DeCato as that of a man known to her as Richard Cunan. DeCato told Realtor B that his brother Patrick owned a metal company, that DeCato had built the house on the Waterhouse property, and that he might give her a sales listing for such property.

The April 7, 1990, Waterboro tax bill for the Waterhouse property was mailed to "Prestige Metals, c/o State Scale Co, Att: Patrick, 155 Bemis Road, RFD 12, Manchester, NH 03102".

On October 23, 1987, Derryl R. McPherson sold property near Townhouse Road, Waterboro, to Patrick S. Cunan, 155 Bemis Road, RFD 12, Manchester, New Hampshire, at a price of $34,000. A relevant record search reveals no mortgage to finance that property and the subsequent improvements thereon. The seller, McPherson, identified DeCato in person as the purchaser, who was known to him as "Richard Cunan". Of the $34,000 purchase price, $17,000 was paid in cash, and the balance with a check from State Scale.

A Waterboro building permit of February 16, 1989, was issued to Patrick Cunan. DeCato, by written agreement of May 2, 1990, granted Realtor A an exclusive right to sell this property for $250,000. The sales agreement is signed by "Patrick S. Cunan, Sole Owner". The August 7, 1990, tax bill for the Townhouse Road property was mailed to Patrick Cunan at 155 Bemis Road.

On March 16, 1988, property in the Lake Arrowhead Estates, Waterboro, was sold by Stephen Jordan to Patrick Kunan of 155 Bemis Road, Manchester, New Hampshire, for a price of $12,000. Realtor B was the broker for this sale, at which the purchaser was represented by DeCato, posing as Richard Cunan. The agreement originally listed "Richard Cunan" as the purchaser, but at DeCato's request it was revised to list "Patrick S. Cunan" as the sole purchas-

---

9. The storage owners turned the marijuana over to the police.

10. Counsel for claimant stated at hearing that his client owned Prestige.

er. The $12,000 purchase price was paid with an $11,000 State Scale check and a cash deposit of $1,000 provided by DeCato.

The application for building permit of February 15, 1989, for the Lake Arrowhead Estates property sought permission for "Patrick S. Cunan" of 155 Bemis Street, Manchester, to erect a $60,000 residence on the property. The tax bill for this property was mailed to Cunan at 155 Bemis Road.

On April 28, 1989, Rodney and Pamela Small sold property on Beaver Berry Road, Limington, Maine, to "Patrick Cunan" of Manchester, New Hampshire, for $116,000. Cunan's address was listed as 155 Bemis Road, RFD 12, Manchester, New Hampshire, and a search of relevant records revealed no mortgage to finance this transaction or the subsequent improvements upon the property. The seller, Rodney Small, said that a man known to him as Richard Cunan paid for the property in checks and bank checks. Richard Cunan told Small that his brother Patrick was his financial backer. Four applications for building permits were filed in Limington in March and April 1989. All list "Patrick Cunan, 155 Bemis Street, Manchester" as the owner, and three of these list him as the contractor. The fourth application lists Richard Cunan as the contractor.

A Subsurface Wastewater Disposal System Application of March 5, 1989, for the Limington property lists Donna and Richard Cunan as the property owners, although it is signed by "Patrick S. Cunan". Realtor A was granted an exclusive sales agreement on May 2, 1990, to sell the Beaver Berry Road property for $198,000. This agreement is signed "Patrick S. Cunan Sole Owner". The June 30, 1990, tax bill for this property was mailed to Cunan at 155 Bemis Street.

In January 1989, DeCato, claiming to be Richard Cunan, filled out an "Application For Fleet Account" at the David Isuzu dealership in North Windham, Maine. This application states that Richard Cunan is the fleet buyer for State Scale. DeCato then purchased a 1988 Isuzu pickup truck in the name of "Patrick S. Cunan, d/b/a State Scale, Inc., 155 Bemis Street, Manchester, New Hampshire", registering this vehicle in the name of DeCato's sister, Susan McKenzie. DeCato also purchased an Isuzu Trooper, registering the title to the name of Sharon Buswell.[11]

DeCato also purchased a 1988 Isuzu pickup truck in the name "Troy J. Bolduc, DBA State Scale Rt #117, Cape RD. Buxton, ME".

A sales receipt recovered from the Trooper vehicle by the Wells, Maine, police bore the date of February 2, 1990, and records the sale of three Toshiba copiers by Kemco, Inc., of Portland, Maine, to State Scale at 155 Bemis Street, Manchester, New Hampshire, at a price of $675 each. A motorcycle sales receipt recovered from the same vehicle records the receipt of $5,850 on the account of "Patrick Cunan, 155 Bemis Street, Manchester, N.H."

On October 17, 1980, members of the Fitzpatrick family sold seventy-seven acres of land in Auburn, New Hampshire, to DeCato. A deed of May 11, 1982, recorded March 17, 1987, records the sale of this property from DeCato to Patrick S. Cunan of 35 Morrison Street, Manchester. The Auburn tax bill of 1986 was sent to "Richard J. DeCato, Jr., c/o Pat Cunan, 155 Bemis Rd, R.F.D. 12, Manchester, N.H. 03102." Subsequent tax bills were sent directly to Cunan at 155 Bemis Road.[12]

## 2. DISCUSSION

Claimant's objections are to the effect that the complaint fails to comply with the particularity requirements of Rule E(2)(a) of the Supplemental Rules for Certain Ad-

---

**11.** Sharon Buswell is the sister of Donna Buswell. This Trooper vehicle was that which DeCato was operating when stopped by the Wells, Maine, police.

**12.** In choosing the outline of facts for the "Background" portion of this order, the court has, of necessity, omitted a number of details pertaining to DeCato's involvement in drug trafficking. Suffice it to say that a number of witnesses have identified DeCato as being connected with transactions involving thousands of pounds of marijuana, kilogram quantities of cocaine, and the attempted purchase of a number of automatic weapons.

miralty and Maritime Claims, and that the complaint for seizure was improperly issued because its supporting affidavit lacked probable cause.

### a. The Proceeds Claim

The complaint alleges that the defendant State Scale "represents proceeds traceable to an exchange or exchanges in controlled substances." Motion to Dismiss at 4, ¶ 14. Claimant suggests that the burden on the plaintiff requires it to "precisely identify those portions of the property which the government can trace directly to an exchange for narcotics."

This is an action for civil forfeiture. As such, it "is an *in rem* proceeding brought against property either used to facilitate a crime or acquired as proceeds from a criminal venture. Forfeiture occurs once the property itself is found 'guilty', that is, found to fit the description of property in 21 U.S.C. §§ 881(a)(1)–(8)." *United States v. Kingsley*, 851 F.2d 16, 18 n. 2 (1st Cir. 1988).

Incorporated by statute, 21 U.S.C. § 881(b),[13] Supplemental Rule E(2)(a), provides,

> In actions to which this rule is applicable the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading.

The particularity requirement of the aforesaid Supplemental Rule "is designed to assure that the forfeiture complaint apprises potential claimants of the circumstances which support the government's contention that there is probable cause to believe that the defendant property was *connected with* illegal drug activity." *United States v. One Parcel of Real Property, etc.*, 921 F.2d 370, 375 (1st Cir.1990) (emphasis in original). It is intended to enable claimants to commence an investigation of the facts and to frame a responsive pleading. *Id.*

However, "whether none, all, or only a portion of the defendant property is forfeitable is not determined at the pleading stage, but at trial." *Id.* at 375. The complaint need only allege facts sufficient to support a reasonable belief that the government could demonstrate probable cause for finding the property tainted. *Id.* at 375–76.

In determining the existence of such facts, the court views the complaint and its supporting affidavit in the light of the "aggregate of the facts", according due account to "common experience considerations." *Id.* at 376 (citing and quoting *United States v. $250,000 in United States Currency*, 808 F.2d 895, 899 (1st Cir.1987)). And the existence of a possibility that claimant may have possessed sufficient untainted assets with which to purchase the entire defendant property does not warrant dismissal of the complaint for insufficient particularity. *Id.* at 377.

The thrust of claimant's complaint is that the affidavit demonstrates, at most, that DeCato was serving as an agent or employee of State Scale and/or Cunan with respect to the transactions concerning the acquisition of real and personal property. This argument overlooks the conversation had in August 1990 between Manchester Deputy Police Chief Paul Brodeur and claimant. Therein, claimant denied that State Scale had ever employed DeCato and disclaimed knowledge as to how DeCato came into possession of a motor vehicle license bearing claimant's name. Cunan further stated that, with the exception of a recent brief telephone conversation, he had not seen or heard from DeCato in eight years.

On the issue of the Kemco copiers, claimant told Brodeur that he had purchased

---

**13.** 21 U.S.C. § 881(b) provides in relevant part:
   Any property subject to civil forfeiture to the United States under this subchapter may be seized by the Attorney General upon process issued pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims by any district court of the United States having jurisdiction over the property, . . . .

such with his own funds and did not know how DeCato came into possession of a sales receipt to State Scale. But another witness (Witness B) told Manchester police that De-Cato and claimant were present when a Kemco copier was delivered to State Scale. Cunan engaged in an argument with DeCato, asking DeCato what he was doing purchasing property in the name of State Scale.

Fairly read, with a "view to the 'aggregate of facts,' according due account to 'common experience considerations,'" *United States v. One Parcel of Real Property, etc., supra,* at 376, the complaint and supporting affidavit here set forth facts sufficient to establish "at the very least, a reasonable belief that the government could demonstrate probable cause" that at least some of the State Scale property is the result of illegal drug proceeds.

### b. The Facilitation Charges

The complaint also alleges that State Scale and 155 Bemis Road are subject to forfeiture because they facilitated the drug trafficking activities of DeCato, 21 U.S.C. § 881(a)(6), (7), and were used in the laundering of his drug proceeds, 18 U.S.C. § 981(a)(1).

■ The courts that have considered the question have interpreted the term "facilitate" in 21 U.S.C. § 881(a)(6), (7), to imply that the property need only make the prohibited conduct less difficult or more or less free from obstruction or hindrance. *United States v. Schifferli,* 895 F.2d 987, 990 (4th Cir.1990); *United States v. Premises Known as 3639–2nd Street N.E.,* 869 F.2d 1093, 1096 (8th Cir.1989); *United States v. One 1977 Lincoln Mark V Coupe,* 643 F.2d 154, 157 (3d Cir.), *cert. denied sub nom., Whitby v. United States,* 454 U.S. 818, 102 S.Ct. 97, 70 L.Ed.2d 88 (1981). And the facilitation of even a single felony offense is sufficient to justify forfeiture. *United States v. Santoro,* 866 F.2d 1538, 1542 (4th Cir.1989); *see United States v. A Parcel of Land with a Building Located Thereon,* 884 F.2d 41, 45 (1st Cir.1989) (the *de minimis* nature of drug infractions does not bar forfeiture).

■ Here, the repeated use by DeCato of the alleged status of an employee of State Scale and of the Bemis Road address may well have served to provide "cover" for his illegal drug transactions. And the use of State Scale checks and the Bemis Road address in connection with his purchase of real and personal property suggests the probability that the adoption of such "fronts" well served to assist him in the laundering of the proceeds of such drug transactions.

### c. Probable Cause

■ What has been written to this point satisfies the court that ample probable cause existed for seizure of the property here sought to be forfeited. Moreover, it is to be remembered that even lack of probable cause for such seizure would result only in the suppression of evidence thus obtained and would not bar the forfeiture action or serve as a basis for dismissal of the forfeiture complaint. *INS v. Lopez-Mendoza,* 468 U.S. 1032, 1040, 104 S.Ct. 3479, 3484, 82 L.Ed.2d 778 (1984); *Application of Kingsley,* 802 F.2d 571, 578–79 n. 9 (1st Cir.1986).

### 3. CONCLUSION

It may be that at trial claimant will be able to sustain his claims that the property here at issue is nonforfeitable. But at this stage of these proceedings, the court finds, based on the available record, that he has failed to do so. The motion to dismiss the forfeiture complaint accordingly must be and it is herewith denied.

SO ORDERED.