**UNITED STATES of America**

v.

**ONE 1984 KAWASAKI NINJA MOTORCYCLE, et al.**

**Civ. No. A–89–CA–1103.**

United States District Court, W.D. Texas, Austin Division.

March 9, 1992.

Angela Sandoval Raba, Greg Rogers, U.S. Atty.'s Office, San Antonio, Tex., for plaintiff.

Richard Haynes, Ron S. Rainey, Haynes & Fullenweider, Houston, Tex., for claimant.

## ORDER

NOWLIN, District Judge.

Before the Court is Petitioner United States of America's motion, filed on November 4, 1991, entitled Motion for an Order of Interlocutory Sale And For Substitution of the Res. This motion concerns specifically the Respondent 1984 Kawasaki Ninja Motorcycle, Lic. No. 471D3F; 1982 Chevrolet Corvette, VIN: 1G1AY8784C5107267; 1986 4 Winns 170 Horizon Boat, I.D. No. 4WNTE128A686; (hereinafter "Respondent Vehicles"), as described in the above-entitled and numbered cause, brought pursuant to Rule E(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims. The Claimant, Carlos Vasquez, has filed Claimant's Motion In Opposition To Petitioner's Motion for and Order of Interlocutory Sale For Substitution of the Res, filed November 15, 1991, and the Claimant's Supplemental Motion In Opposition To Petitioner's Motion for an Order of Interlocutory Sale And For Substitution of the Res, filed January 15, 1992. On January 31, 1992, the United States filed a response to the Claimant's supplemental motion filed on January 15, 1992.

The Court has reviewed all of these motions, the related motions and pleadings, and the relevant statutes and caselaw. The Court is of the opinion that the United States of America's Motion for an Order of Interlocutory Sale and For Substitution of the Res should be GRANTED IN PART and DENIED IN PART.

These various motions and pleadings present two main issues for determination:

(1) whether the United States may summarily sell the seized items; and,

(2) the proper procedure to be applied in seeking and performing such a summary sale.

Because the first issue necessarily turns on the second, the Court will address the proper authority and corresponding methods that apply to a summary sale of items seized under the DRUG CONTROL ACT.

Numerous district and circuit courts have addressed the civil forfeiture provisions of the Drug Control Act. This act provides statutory guidelines and procedures for the forfeiture of seized items in either a criminal or civil action. *See generally* 21 U.S.C. § 853 *and* § 881. These two statutory provisions set forth most of the procedures to be followed by the government in seizure and forfeiture proceedings.

21 U.S.C. section 881(b) does provide for seizure by the Attorney General of any property subject to civil forfeiture upon a district court's issuance of process pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. This statute only applies to the *seizure* of such items. 21 U.S.C. § 881(b). This particular provision, however, does not give the Attorney General authority to proceed pursuant to the Supplemental Rules for Certain Admiralty and Maritime Claims (the "Supplemental Rules") to achieve the judicial forfeiture or summary sale of properly seized property. 21 U.S.C. Section 881 requires that the statutory requirements of the customs laws that concern seizure and summary and judicial forfeiture shall apply to seizures and forfeitures of property related to drug-related offenses. *See* 21 U.S.C. § 881(d) and § 853(j).[1]

The circuit courts have agreed that the customs laws do apply to proceedings for forfeitures related to drug offenses.[2] The legislative history of the Drug Control Act also states "that forfeiture proceedings [under the Act] shall be in accord with the provisions of existing U.S. customs law." *See* H.Rep. No. 1444, 91st Cong., 2d Sess. (1970), *reprinted in* 1970 U.S.C.A.N. 4566, 4624. The Supreme Court has implied that, pursuant to 21 U.S.C. section 881(d), the customs laws apply to forfeitures incurred under 21 U.S.C. section 881. *See Calero–Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 689, 94 S.Ct. 2080, 2095 n. 27, 40 L.Ed.2d 452 (1974).

The Tenth Circuit has summarized the basic process that applies in forfeiture cases. *See Floyd v. United States*, 860 F.2d 999, 1004 (10th Cir.1988).[3] The feder-

---

1. Specifically, 21 U.S.C. Section 881(d) states: *The provisions of law relating to the seizure, summary and judicial forfeiture, and condemnation of property for violation of the customs laws; the disposition of such property or the proceeds from the sale thereof; the remission or mitigation of such forfeitures; and the compromise of claims shall apply to seizures and forfeitures incurred, or alleged to have been incurred, under any of the provisions of this subchapter, insofar as applicable and not inconsistent with the provisions hereof; ...* 21 U.S.C. § 881(d) (emphasis added).

2. See generally, *$38,570 U.S. Currency*, 950 F.2d 1108, 1111 (5th Cir.1992) ("Section 881 forfeitures are also governed by the customs laws, 19 U.S.C. §§ 1595–1627a."); *United States v. 23,-407.69 in U.S. Currency*, 715 F.2d 162, 164 (5th Cir.1983) (stating that the customs laws at 19 U.S.C. §§ 1602–1615 apply to forfeitures under 21 U.S.C. § 881); *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1545 n. 15 (11th Cir.1987) (similar language); *United States v. One 1985 Cadillac Seville*, 866 F.2d 1142, 1148 (9th Cir.1989) (stating that the "general provisions of Customs laws govern drug forfeitures); *Floyd v. United States*, 860 F.2d 999, 1003–1004 and n. 4 (10th Cir.1988) ("Forfeiture proceedings arising out of drug offenses are governed by the same statutory provisions, 19 U.S.C. § 1595 *et seq.*, as apply to customs forfeitures."); *United States v. One Parcel of Real Property*, 921 F.2d 370, 373 (1st Cir.1990) (Section 881(d) provides that civil forfeiture proceedings in drug cases are to be conducted in accordance with the procedures of the customs laws, at 19 U.S.C. sections 1610, *et seq.*); *United States v. De Ortiz*, 910 F.2d 376, 382 (7th Cir.1990); *United States v. All Right, Title & Interest*, 901 F.2d 288 (2d Cir.1990).

3. Specifically the Tenth Circuit summarized the forfeiture process as follows:

   If the value of the seized article does not exceed [$500,000], the appropriate customs officer is required to publish for three successive weeks a notice of seizure and intent to forfeit the property. 19 U.S.C. § 1607. After first publication of notice, a claimant has twenty days to file a claim and cost bond. 19 U.S.C. § 1608. If no such filing occurs, the property is administratively forfeited at the end of the twenty days. 19 U.S.C. § 1609. A timely filing, however stops the administrative forfeiture, 21 C.F.R. § 1316.76(b), and the matter is then transferred to the appropriate United States attorney for the institution of judicial forfeiture proceedings. 21 C.F.R. § 1316.78.

al courts have applied various provisions of the customs laws to Section 881 forfeitures. Applying 21 U.S.C. section 881(d), the Supreme Court has stated that the remission and mitigation procedures of the customs laws, in 19 U.S.C. section 1618, apply to Section 881 forfeitures. *See Calero–Toledo*, 416 U.S. at 689, 94 S.Ct. at 2095 n. 27. Courts have held that the customs laws apply to Section 881 forfeiture proceedings involving real property, even though the customs laws do not expressly apply to real property. *See United States v. Lot 4, Block 5 of Eaton Acres*, 904 F.2d 487, 490–491 and n. 2 (9th Cir.1990); *see also In re Newport Savings and Loan Ass'n*, 928 F.2d 472, 479 (1st Cir.1991) (*mutatis mutandis*, applying the customs laws to bring real property within their scope). The courts use the burden of proof standard established in 19 U.S.C. section 1615 in forfeiture proceedings under 21 U.S.C. section 881. *See e.g., United States v. Lot 9, Block 2 of Donnybrook Place*, 919 F.2d 994, 997 (5th Cir.1990). This same burden of proof standard applies to section 881 forfeiture proceedings involving real property. *See e.g., United States v. RD 1, Box 1, Thompsontown, Delaware tp., Juniata County, Pa.*, 952 F.2d 53, 56 (3rd Cir.1991). The customs laws also require that the government send written notice of the seizure and information concerning the applicable procedures to each party who has an apparent interest in the seized property. *See $38,570 United States Currency*, 950 F.2d at 1111 (applying 19 U.S.C. § 1607 to forfeitures under 21 U.S.C. § 881).

█ Based upon the language of 21 U.S.C. section 881(d), the claimant argues that the procedures in 19 U.S.C. section 1612 must be used for a summary sale of any property seized under the Drug Control Act. Section 1612 only applies to administrative forfeiture proceedings and summary sales. *See $38,000 in U.S. Currency*, 816 F.2d at 1545 n. 13 (11th Cir.). The precise language of 19 U.S.C. section

1612 shows that this section only relates to 19 U.S.C. section 1607 and to forfeiture actions that have been proceeding administratively.

█ The customs laws do not specify the procedures that should be used to govern judicial forfeiture actions. *See $38,000 in U.S. Currency*, 816 F.2d at 1545 n. 13 (11th Cir.). 19 U.S.C. section 1608 does state, however, that judicial forfeiture actions shall proceed "in the manner prescribed by law." *See id.* The judicial forfeiture action is instituted once a claimant posts the requisite bond pursuant to 19 U.S.C. section 1608. Although section 1608 only refers to judicial "condemnation" proceedings, such proceedings encompass forfeiture actions. Therefore, apparently by default, the Supplemental Rules govern judicial forfeitures under 21 U.S.C. section 881. *See id.; see also De Ortiz*, 910 F.2d at 382 (7th Cir.). 21 U.S.C. section 881(c) provides that any property held under section 881 "shall be deemed in the custody of the Attorney General, subject only to the orders and decrees of the court or the official having jurisdiction thereof." 21 U.S.C. § 881(c). This provision also implies that the courts may control such property being held by the Attorney General. 19 U.S.C. section 1610, also refers to property that exceeds the maximum $500,000 monetary limit for administrative forfeiture proceedings. Section 1610 requires that the appropriate United States attorney institute the "proper proceedings" for the forfeiture of such property. 19 U.S.C. § 1610.

Even if 19 U.S.C. section 1612, were held to apply to judicial forfeitures under 21 U.S.C. section 881, the language of section 1612 is equivalent in its effect to the language of Supplemental Rule E(9)(b). Both provisions provide for summary forfeiture of seized property under specified circumstances, which are essentially equivalent in both provisions.

*Floyd*, 860 F.2d at 1004. 21 C.F.R. sections 1316.71 through 1316.99 sets out the procedures for the Drug Enforcement Administration for seizures, forfeitures, and dispositions of such property. The DEA itself must be aware of the authority for these administrative regulations because the stated authority for these regulations includes the customs laws at 19 U.S.C. §§ 1606–1608, 1610, 1613, and 1618.

The United States argues that 21 U.S.C. Section 881(b) and 18 U.S.C. Section 981(b)(2) require that *seizures* for the purposes of civil forfeitures under those subchapters are to be conducted pursuant to the Supplemental Rules. Such a proposition is true from the literal wording of those two statutory provisions. *See* 21 U.S.C. § 881(b) and 18 U.S.C. § 981(b)(2). These provisions only permit the use of the Supplemental Rules for *seizures* of such property because the two provisions do not address forfeitures.

The United States may, however, proceed according to the Supplemental Rules and 28 U.S.C. section 2004 in civil judicial forfeiture actions instituted under the Drug Control Act. As discussed above, once a forfeiture proceeding is occurring in the district courts, the customs laws only require that the judicial action shall proceed in the manner prescribed by law. The relevant law to be applied in judicial forfeiture actions under the Drug Control Act are the Supplemental Rules and 28 U.S.C. sections 2001–2004. Specifically, 28 U.S.C. Section 2004 requires that:

> Any personalty sold under any order or decree of any court of the United States shall be sold in accordance with section 2001 of this title, *unless the court orders otherwise.*

28 U.S.C. § 2004 (emphasis added). On its face, this statute appears to provide the proper procedure for a court-ordered sale. Rule A of the Supplemental Rules states that the Supplemental Rules apply to "statutory condemnation proceedings analogous to maritime actions in rem." [4] Additionally, Rule E(9)(b) of the Supplemental Rules provides that:

> If property that has been attached or arrested is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action, or if the expense of keeping the property is excessive or disproportionate, or if there

is unreasonable delay in securing the release of property, the court, on application of any party or of the marshal, or other person or organization having the warrant, may order the property or any portion thereof to be sold; and the proceeds, or so much thereof as shall be adequate to satisfy any judgment, may be ordered brought into court to abide the event of the action; or the court may, upon motion of the defendant or claimant, order delivery of the property to the defendant or claimant, upon the giving of security in accordance with these rules.

Fed.R.Civ.P.Supp.R. for Certain Admir. and Marit. Claims, R. E(9)(b). In fact providing more protection for claimants than does 19 U.S.C. section 1612, this rule permits *any* party to request that the court order a summary sale. Indeed, many circumstances could arise in which a claimant would want to be able to pursue such a course of action.

In summation, the United States may proceed under the Supplemental Rules and 28 U.S.C. sections 2001–2004 in judicial forfeiture proceedings to the extent that such rules and laws are not inconsistent with the relevant portions of the Drug Control Act.

After reviewing all of the pleadings in the file, the Court is of the opinion that the Respondent Vehicles should be sold by the United States Marshal or any other person authorized to do so pursuant to Rule E(9)(c) of the Supplemental Rules and 28 U.S.C. section 2004.

■ The United States also seeks this Court's permission to use any proceeds from the summary sale initially to the reimburse the United States of all costs and expenses incurred by the United States of America concerning care, custody, control and maintenance of the Respondent Vehicles from time of arrest to time of sale. The claimant objects to any such reimbursement for advertising or process ex-

---

**4.** Specifically, Rule A states that:
These rules also apply to the procedure in statutory condemnation proceedings analogous to maritime actions in rem, whether within the admiralty and maritime jurisdiction or not. Except as otherwise provided,

references in these Supplemental Rules to actions in rem include such analogous statutory condemnation proceedings.
Fed.R.Civ.Proc.Supp.R. for Certain Admir. and Marit. Claims, R.A.

penses. Such reimbursement is clearly warranted under 21 U.S.C. section 881(e)(2)(A)(i). Specifically, section 881(e) provides for the disposition of property that has been civilly or criminally forfeited under that subchapter. 21 U.S.C. § 881(e)(1).

Section 881(e)(2)(A) allows for reimbursement to the government for all expenses relating to the forfeiture proceedings by either the use of proceeds of sales of *forfeited* property or the use of *forfeited* moneys. 21 U.S.C. § 881(e)(2)(A). The law, however, does not allow for any such reimbursement until the property or money has actually been forfeited. Accordingly, although the summary sale of the seized property may properly take place, the proceeds from such a sale must be held in their entirety until a final judgment has been entered in the forfeiture action. If the court determines that the property or money should be forfeited, then these expenses should be reimbursed. If the court determines that the property or money should not be forfeited, then the property or money should be returned to the proper claimant without any deduction for such expenses. Indeed, 19 U.S.C. section 1608 only requires that a claimant pay all costs and expenses of forfeiture proceedings if the property or money is forfeited.

ACCORDINGLY, IT IS ORDERED that pursuant to Title 28 U.S.C. Section 2002, the United States Marshal, for the Western District of Texas, cause notice or the sale of the Respondent Vehicles by public auction, to be conducted by Gaston & Sheehan Auctioneers, Inc., P.O. Box 856, Pflugerville, Texas, 78660, a professional auctioneer under contract with the United States Marshals Service for the Western District of Texas for the disposition of forfeited assets.

IT IS FURTHER ORDERED that the Respondent Vehicles shall not be sold for less than two-thirds of their appraised value according to the NADA guide.

IT IS FURTHER ORDERED that the gross proceeds realized from the sale of the Respondent Vehicles shall be placed with the United States Marshal for deposit

in the United States Marshal's account as the substitute *res* for the Respondent Vehicles in this civil forfeiture action and shall be held by the United States Marshal until further order by the Court.

IT IS FURTHER ORDERED that the style of the case be adjusted to accurately reflect the substitution of any remaining proceeds from the sale of the Respondent Vehicles.