UNITED STATES of America, Plaintiff,

v.

TWO PARCELS OF REAL PROPERTY LOCATED IN RUSSELL COUNTY, ALABAMA, and One Parcel of Real Property Located in Lee County, Alabama, with all Appurtenances and Improvements Thereon,

and

One Parcel of Real Property Located at Route 1, Box 650, Salem, Lee County, Alabama, with all Appurtenances and Improvements Thereon,

and

Four Parcels of Real Property Located in Russell County, Alabama, with all Appurtenances and Improvements Thereon,

and

One Parcel of Real Property Described as Lot 9, Rite–Way Subdivision, Highway No. 12, Lee County, Alabama, with all Appurtenances and Improvements Thereon, Including A Mobile Home, Defendants.

Civ. A. Nos. 92–D–500–E, 92–D–693–E, 92–D–1332–E, 92–D–1436–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Aug. 17, 1994.

Charles Redding Pitt, U.S. Atty., John T. Harmon, Donald C. Rasher, Montgomery, AL, for U.S.

David B. Byrne, Jr., Scott R. Talkington, Robison & Belser, P.A., Montgomery, AL, for Carrie Mae Brown.

James R. McKoon, Jr., Phenix City, AL, for Naomi Matichka.

John A. Nuckolls, Garland, Samuel & Loeb, P.C., Atlanta, GA, for James William Brown.

Donald F. Samuel, Garland, Samuel & Loeb, P.C., Atlanta, GA.

Scott R. Talkington, David B. Byrne, Jr., Robison & Belser, P.A., Montgomery, AL, for Carl & Terry Brown.

Naomi Matichka, pro se.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

This matter is now before the court on the claimants' motion for summary judgment, filed December 29, 1994. The United States of America responded to the claimants' motion by filing a cross-motion for summary judgment and brief in support thereof on January 14, 1994. For the reasons outlined below, the claimants' motion for summary judgment is due to be denied, and the United States of America's motion for summary judgment is due to be granted.

## JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1345 and 1355.

## FACTS

The United States of America filed four separate civil forfeiture actions, which were consolidated on January 28, 1993. The four separate verified complaints for forfeiture *in rem* involve nine parcels of real property and six mobile homes. Each of the defendant properties has been claimed by one of seven members of the Brown family, who include James William Brown, Carrie Mae Brown (wife of James William Brown), Joseph Carl Brown (son of James and Carrie Brown), Terry Diane Brown (ex-wife of Carl Brown), Michael William Brown (son of James and Carrie Brown), Angela Brown (daughter of James and Carrie Brown), and Naomi Matichka (mother of Carrie Brown).

The complaint in each case alleges that the properties were purchased and improved with the proceeds of unlawful exchanges of controlled substances and thus, are forfeitable under 21 U.S.C. § 881(a)(6). Moreover, the United States alleges that the purchases of real property and improvements thereon facilitated the "laundering" of cash proceeds from a multi-pound marijuana operation operated by some of the claimants.

For the taxable years 1983 through 1991, claimants Joseph Carl Brown and Terry Brown Coppock reported a total of $99,418 in adjusted gross income on their joint federal tax returns. Claimants James W. Brown and Carrie M. Brown reported adjusted gross income in the amount of $84,778 on their joint federal tax returns for the taxable years 1984 through 1991. Claimant Michael W. Brown has not filed federal income tax returns for the taxable years 1981 through 1991. Naomi Matichka has not filed an income tax return since 1989 due to insufficient income. In sum, these claimants reported adjusted gross income in the amount of $184,196 for the years listed. During the time period for which the government has submitted the claimant's gross income from the claimants' federal tax returns,[1] the claimants purchased the following real property, which are the defendants in the case:

1. Civil Action NO. 92–D–500–E:
   A. Parcel One:    $ 18,000[2]
   B. Parcel Two:    $184,000
   C. Parcel Three:  $ 38,000

2. Civil Action No. 92–D–1332–E:
   A. Parcel One:    $ 81,150
   B. Parcel Two:    $ 61,690
   C. Parcel Three:  $ 18,000
   D. Parcel Four:   $ 20,000

3. Civil Action No. 92–D–693–E
   A. Parcel:        $197,000 (per appraisal)

4. Civil Action 92–D–1436–E:
   A. Parcel:        $ 13,000

   TOTAL             $727,840[3]

---

1. The claimants did not submit evidence regarding their reported income during the years in question.

2. Due to improvements on the property, Parcel One is currently appraised at a value of $115,000.

3. The total figure includes both amounts actually paid for the purchase of the defendant property as well as the appraised value of the improvements made on the property.

The amount for which the defendant property was purchased and improved exceeds the amount of income reported by the claimants for the years during which the property was purchased and improved by *$543,644.*

Claimant James William Brown has been convicted of harvesting and trafficking marijuana. Claimant Angela Brown has been convicted of felony possession of marijuana. Claimant Joseph Carl Brown has been convicted of selling marijuana. Claimant Michael W. Brown has been convicted of first degree possession of marijuana.

The claimants assert that the government lacked probable cause to seize the property and that they are innocent owners of the defendant property. Furthermore, the claimants urge upon the court two additional sources of cash than their adjusted gross income, a loan in the amount of $100,000 to Joseph Carl Brown from Robert Jones and a $100,000 cash gift to Joseph Carl Brown from his grandfather, Nicholas Matichka.

## SUMMARY JUDGMENT STANDARD

■ On a motion for summary judgment, the court is to construe the evidence and factual inferences arising from it in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The Court of Appeals for the Eleventh Circuit in *United States v. Four Parcels of Real Property,* 941 F.2d 1428 (11th Cir.1991), articulated the burden of proof of each party under the law of forfeiture when moving the court to grant summary judgment.

The moving party bears the "initial responsibility of informing the ... court of the basis for its motion, and identifying those portion of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." When the *nonmoving* party has the burden of proof at trial, the moving party is not required to "support its motion with affidavits or other similar material *negating* the opponent's claim," in order to discharge this "initial responsibility." Instead, the moving party simply may " 'show[ ]—that is, point[ ] out to the district court'—that there is an absence of evidence to support the nonmoving party's case." Alternatively, the moving party may support its motion for summary judgment with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial. If the moving party shows the absence of a triable issue of fact by either method, the burden on summary judgment shifts to the nonmoving party, who must show that a genuine issue remains for trial. If the nonmoving party fails to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment.

When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it "must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial." In other words, the moving party must show that, on all essen-

tial elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party. If the moving party makes such an affirmative showing, it is entitled to summary judgment unless the nonmoving party, in response, "come[s] forward with significant, probative evidence demonstrating the existence of a triable issue of fact."

*Four Parcels,* 941 F.2d at 1437–1438 (citations omitted).

The trial court's function at this stage of the case is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510.

### DISCUSSION

*I. Claimants' Motion for Summary Judgment*

21 U.S.C. § 881(a)(6) provides that property acquired with the proceeds of an illegal drug transaction is forfeit to the United States.[4] When the claimant in a forfeiture case arising under § 881(a)(6) moves for summary judgment, as is the case in this instance, the court's initial inquiry is to determine as a matter of law whether the government has shown probable cause for forfeiture. *Four Parcels,* 941 F.2d at 1439. If the United States has failed to show probable cause, the court should grant summary judgment to the claimants. *Id.* If the government has shown probable cause, the claimants still may be entitled to summary judgment, "if [they] affirmatively show the ab-

sence of a triable issue of fact on the issue on which he has burden of proof—that is, taking all the evidence in the light most favorable to the government, no reasonable jury could award the property to the government." *Id.* If the claimants fail to make such an affirmative showing, the court should deny the claimants' motion. *See id.*

"Under Section 881(a)(6), the United States must establish probable cause to believe that a substantial connection exists between the property to be forfeited and an illegal exchange of a controlled substance." *United States v. A Single Family Residence.,* 803 F.2d 625, 628 (11th Cir.1986). " 'Probable cause' is defined as 'reasonable ground for belief of guilt, supported by less than prima facie proof, but more than mere suspicion.' " *Id.* (quoting *United States v. $364,-960.00,* 661 F.2d 319, 323 (5th Cir. Unit B 1981)). The government need not prove by a preponderance a substantial connection to drug dealing, only a "probable cause for belief" that there is a substantial connection with the property to drug dealing. *United States v. $41,305.00 in Currency & Traveler's Checks,* 802 F.2d 1339, 1343 (11th Cir.1986). The existence of probable cause is judged "not with clinical detachment, but with a realities of normal life." *United States v. $4,255,625.39,* 762 F.2d 895, 904 (11th Cir. 1985), *cert. denied,* 474 U.S. 1056, 106 S.Ct. 795, 88 L.Ed.2d 772 (1986). The United States may show probable cause both from circumstantial evidence and hearsay. *$41,-305,* 802 F.2d at 1343.

Through its evidentiary submission to the court, the government has shown: (1) James William Brown, Angela Brown, Joseph Carl Williams, and Michael W. Brown have all been convicted of drug related offenses; (2) None of the claimants had any

---

4. Section 881(a)(6) states:

   (a) The following shall be subject to forfeiture to the United States and no property right shall exist in them:

   . . . .

   (6) All moneys, negotiable instruments, securities, or other things of value furnished by any person in exchange for a controlled substance in violation of this subchapter, *all proceeds traceable to such an exchange,* and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter, except that no property shall be forfeited under this paragraph, to the extent of the interest of an owner, by reason of any act or omission established by that owner to have been committed or omitted without the knowledge or consent of that owner.

21 U.S.C.A. § 881(a)(6) (West 1981) (emphasis added).

visible means of earning the large amounts of cash necessary to purchase the defendant property during the time period in which they made the purchases; (3) The claimants, as is common with drug dealers, purchased valuable pieces of real property totally, or for the most part, with cash; (4) The claimants are related by blood or marriage; (5) Each defendant property was used for the purposes of at least one claimant; and (6) Terry Diane [Brown] Coppock, Joseph Carl Brown, and Carrie Mae Brown asserted their Fifth Amendment right against self-incrimination during their depositions.

■ The government need not prove a specific connection between a drug deal and the property. *$4,255,000*, 762 F.2d at 904. "Rather, 'whether a defendant's verifiable income cannot possibly account for the level of wealth displayed and whether there is strong evidence that the defendant is a drug trafficker, then there is probable cause to believe that the wealth is either the direct product of illicit activity or that it is traceable to the activity as proceeds.'" *United States v. Thomas*, 913 F.2d 1111, 1114 (4th Cir.1990) (quoting *United States v. Edwards*, 885 F.2d 377, 390 (7th Cir.1989)). A lack of legitimate income may be considered by the court in determining if the government has shown probable cause for the forfeiture of property. *See United States v. One Parcel of Real Property*, 921 F.2d 370, 376–377 (1st Cir. 1990). The claimants have put forth no proof from which the a reasonable jury could conclude that the source of the considerable amount of cash money spent purchasing real property and improvements thereon was legitimate. The total adjusted gross income for the years in which they purchased the property is $184,196, $543,644 less than the $727,840 paid for the real property and the improvements thereon. Claimant Joseph Carl Brown submits to the court that his grandfather, Nicholas Matichka, gave him a cash gift five years ago in the amount of $100,000. In addition, Joseph Carl Brown asserts by affidavit and deposition testimony

that he received a $100,000 unsecured, unmemorialized loan from Robert Jones, which Brown used to purchase property.[5] Even if the court adds the unmemorialized loan of $100,000 and the gift from the grandfather of $100,000, the amount of assets from which the claimants could have purchased the property is approximately $300,000 less than the amount needed, well short, in the court's opinion, of the amount needed to purchase and improve the defendant property.

■ Furthermore, the court may draw an adverse inference against parties to civil actions when they refuse to testify in response to probative evidence offered against them without violating the parties' Fifth Amendment rights. *United States v. A Single Family Residence*, 803 F.2d 625, 629 n. 4 (11th Cir.1986); *see Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976) (holding that the Fifth Amendment "does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them"). Terry Diane [Brown] Coppock, Joseph Carl Brown, and Carrie Mae Brown all asserted their Fifth Amendment right not to testify in their depositions. As none of the claimants are subjects of criminal prosecutions for alleged illicit drug activities, the court lawfully infers that their testimony, if truthful, would not have been favorable to their position as claimants of the defendant property. *See Baxter*, 425 U.S. at 318–19, 96 S.Ct. at 1558.

■ Furthermore, four of the claimants, James William Brown, Angela Brown, Joseph Carl Brown, and Michael W. Brown, have all been convicted of drug-related crimes. Arrests for possession of drugs is relevant to the determination of whether the government has shown probable cause. *Thomas*, 913 F.2d at 1116–1117. Convictions also may support probable cause. *Four Parcels*, 941 F.2d at 1141.

---

5. In the pretrial order, claimants Joseph Carl Brown, James William Brown, and Michael W. Brown submit that Carl Brown received loans from others besides Robert Jones to purchase the property and improvements, including Doug Eld-ers, Donald Cowart, and Talmadge West, and Doug Dudley, among others. However, the claimants have put forth no evidence which supports that contention.

Examining the totality of the evidence presented by the government, as a matter of law, the court finds that the United States has demonstrated that it had probable cause, more than mere suspicion, to believe the defendant properties had a substantial connection with illegal drug transactions. If unrebutted, a showing of probable cause is sufficient to support a forfeiture. *United States v. Little Al*, 712 F.2d 133, 136 (5th Cir.1983).

After determining that the government had probable cause, the burden of proof shifts to the claimants. The claimants may still be entitled to summary judgment if they can affirmatively show that there is an absence of triable issues of fact on the issues for which the claimants bear the burden of proof. *Four Parcels*, 941 F.2d at 1439. In other words, the claimants are still entitled to summary judgment if they can make an affirmative showing that "no reasonable jury could find that the property was forfeit." *Id.* at 1440. Although the claimants have put forth some evidence that there were sources of cash other than their adjusted gross income, such as the loan and the grandfather's gift, the legitimate funds fall considerably short of the amount spent on the defendant property. Furthermore, the claimants have done nothing to explain that shortfall. Based on that lack of evidence, the court finds that the claimants have failed to affirmatively show that no reasonable jury could find that the property was not forfeit. Therefore, the claimants' motion for summary judgment is due to be denied.

## II. The United States of America's Motion for Summary Judgment

In a civil forfeiture action brought pursuant to § 881(a)(6), when the government moves for summary judgment, the court's first inquiry is whether the government had probable cause for forfeiture. *Id.* at 1439. In this case, the court has already decided that the government had probable cause to seize the defendant properties. Since the court has found that the government did have probable cause, "the court then determines whether the claimant can show, by a preponderance of the evidence,

whether the property is forfeit." *Id.* "The court, in deciding this issue on summary judgment, first must determine whether the government has met its 'initial responsibility' of demonstrating the absence of a genuine issue of material fact—that is, taking all the evidence in the light most favorable to the claimant, has the government shown that no reasonable jury could award the property to the claimant?" *Id.* The government may satisfy this burden by pointing out specific portions from depositions and other evidence "to demonstrate that the claimant cannot show by a preponderance of the evidence that he is entitled to the property." *Id.* If the government meets the burden of pointing out specific portions of the record that demonstrate that the claimant cannot show by a preponderance that he is entitled to the property, the burden shifts to the claimant to introduce "significant, credible evidence sufficient" indicating that a reasonable jury could find by a preponderance of the evidence that the claimants are entitled to the properties. *Id.* If the claimants fail to make that showing, the claimants, as nonmoving parties, have failed to "make a sufficient showing on an essential element of her case with respect to which she has the burden of proof" and the government is entitled to summary judgment. *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986)).

First, the court finds that, while considering the facts in a light most favorable to the claimant, the government has shown that their is no genuine issue of material fact. The only disputed fact put forth by the claimants is that they were not involved in illegal drug activity. However, the court notes that the government in a civil action does not have the burden of proving that drug activity occurred on the property or that the claimants were involved in the drug business by a preponderance of the evidence. On the contrary, the government's burden is to prove that it had probable cause, or reasonable grounds to believe that a substantial connection exists between the property seized and drug dealing. *United States v. $41,305.00 In Currency & Traveler's Checks*, 802 F.2d 1339, 1343 (11th Cir.1986). Therefore, the claimants' assertions that they were not in-

volved in illegal drug activity do not create a genuine issue of material fact.

The government has pointed to numerous, specific portions of its evidentiary submissions indicating that the claimants cannot show by a preponderance of the evidence that they are entitled to the defendant property. The court finds that in doing so the government has met its burden of demonstrating that there are no genuine issues of material fact. Moreover, the court finds that the claimants have failed to introduce significant and credible evidence to show that a reasonable jury could find by a preponderance of the evidence that the claimants are entitled to the defendant property.

In sum, the court finds that the government has demonstrated probable cause to believe that the defendant properties have a substantial connection with or facilitated illicit drug activities. Furthermore, the claimants have failed to meet their burden of showing by a preponderance of the evidence that the property was not used in violation of 21 U.S.C. § 881(a)(6). Because the claimants have failed to meet their burden, the court further finds that finds that summary judgment on behalf of the government is due to be granted.

## CONCLUSION

In sum, it is CONSIDERED and ORDERED that the claimants' motion for summary judgment be and the same is hereby DENIED.

It is further CONSIDERED and ORDERED that the plaintiff's motion for summary judgment be and the same is hereby GRANTED. It is further ORDERED that JUDGMENT be entered in favor of the plaintiff and against the defendant properties.

It is further CONSIDERED and ORDERED that all costs herein incurred be and the same are hereby taxed against the claimants, for which let execution issue.

The plaintiff is DIRECTED to submit a proposed degree of forfeiture within 10 days.