**UNITED STATES of America**

v.

**Joseph Carl BROWN and James William Brown.**

**Cr. No. 95–249–E.**

United States District Court, M.D. Alabama, Eastern Division.

March 11, 1996.

Edward T.M. Garland, Donald F. Samuel, Garland, Samuel & Loeb, P.C., Atlanta, GA, for Joseph Carl Brown and James William Brown.

Louis V. Franklin, Sr., U.S. Attorney's Office, Montgomery, AL, for U.S.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Defendants Joseph Carl Brown and James William Brown have been charged in one count of an indictment with conspiracy to distribute marijuana, in violation of 21 U.S.C.A. §§ 841(a)(1) & 846. This matter is now before the court on the defendants' motion to dismiss this count on the ground of double jeopardy.[1] The court held oral argument on this matter on January 22, 1996. For the reasons that follow, the motion will be denied.

### I. BACKGROUND

On August 17, 1994, prior to their criminal indictment in this case, the defendants were ordered to forfeit several parcels of land and improvements pursuant to 21 U.S.C.A. § 881(a)(6). *United States v. Two Parcels of Real Property,* 868 F.Supp. 306, 312–313 (M.D.Ala.1994) (De Ment, J.), *appeal docketed,* No. 95–6267 (11th Cir. March 28, 1995). Under § 881(a)(6), all "proceeds traceable" to an exchange of illegal drugs are subject to forfeiture. There were nine parcels of land and six mobile homes at issue in the forfei-

---

1. In addition to conspiracy, the indictment charges Joseph with: (1) possession of a firearm during the commission of a drug conspiracy, in violation of 18 U.S.C.A. § 924(c)(1); (2) distribution of marijuana, in violation of 21 U.S.C.A. § 841(a)(1); (3) distribution of cocaine hydrochloride, in violation of 21 U.S.C.A. § 841(a)(1); and (4) being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1). The de-

fendants filed a motion to dismiss the entire indictment on January 5, 1996. However, in their pre-hearing brief, filed on January 19, 1996, and at oral argument on January 22, 1996, they stated that they sought to dismiss only count one of the indictment because only that count covers the same activity and time period that were covered by the forfeitures.

ture proceeding, and the defendants, either individually or together, paid for every parcel of land except one, which was purchased by James and his son Michael. The factual allegations underlying all of the forfeiture complaints were the same: during an unspecified time period, defendants Joseph and James bought and sold large quantities of marijuana and cocaine and used the proceeds to buy the property at issue;[2] and James sold marijuana to a confidential informant on one occasion some time after early 1991.[3] Based on these allegations, the court found that the government had proven that there were "reasonable grounds to believe that a substantial connection exists between the property seized and drug dealing." *Id.* at 312.

By the calculation of the court in the civil forfeiture proceeding, the total value of the forfeited property was $727,840. In arriving at this figure, the court did not indicate the prices the defendants paid for the property. Rather, it relied on a figure that combined the purchase prices and the appraised value of the improvements on the land. *Id.* at 308 n.3. One important factor in the court's decision to order the forfeitures was that the appraised value of the property seized exceeded the combined reported income of the claimants (the defendants in this case and several of their relatives) by $543,644 for the years 1983 through 1991.[4] *Id.* at 308–309. In deciding what property to be forfeited, the court did not specify or approximate the value of the drugs sold, nor did it attempt to calculate the costs to the government of in-

vestigating and prosecuting the forfeiture case.

Count one of the criminal indictment, filed on December 13, 1995, alleges that both defendants conspired to distribute marijuana from June 1986 until December 1995. The defendants contend that, because their prior forfeitures were punishment, their prosecution on count one of the indictment is an unconstitutional second prosecution for an offense for which they have already been punished.

## II. DISCUSSION

### A.

 The double jeopardy clause of the fifth amendment to the United States Constitution provides that "no person ... shall be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The double jeopardy clause prohibits "a second prosecution for the same offense after an acquittal; a second prosecution for the same offense after a conviction; and multiple punishments for the same offense." *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). It is the prohibition against multiple punishments for the same offense that is at issue in this case. Relying on *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), the defendants contend that the current criminal prosecution, coming after a civil forfeiture under § 881(a)(6), constitutes a successive punishment in violation of the double jeopardy clause. Relying on *Halper*, the government argues that it does not.[5]

2. All of the forfeiture complaints alleged the following facts: "James William Brown ... and his son, Joseph Carl Brown ..., deal in large quantity sales of marijuana and cocaine (controlled substances). On a weekly or bi-weekly basis one of the Browns would go to Texas and purchase 50–100 pounds of marijuana and/or several ounces of cocaine. Occasionally, the Browns would take a 'driver' with them and allow the driver to return alone in the car with the marijuana or cocaine. Generally, the Browns only dealt in pound quantities of marijuana and ounce quantities of cocaine." Motion to dismiss indictment on grounds of double jeopardy, at ¶ 3 of appendices A, B, C, and D, filed on January 5, 1996.

3. Motion to dismiss indictment on grounds of double jeopardy, at appendices A, B, C, and D, filed on January 5, 1996.

4. There was some dispute about the amount of money available to the claimants to buy the property. They claimed that from loans and gifts, they had access to approximately $200,000 more than their reported income. The court found that even if it accepted this as true, the value of the land at issue exceeded the available money by approximately $300,000. *Two Parcels of Real Property*, 868 F.Supp. at 311.

5. For double jeopardy analysis, it is irrelevant whether the civil or criminal proceeding comes first. *United States v. Reed*, 937 F.2d 575, 577 n. 3 (11th Cir.1991).

In *Halper*, the Supreme Court considered "whether and under what circumstances a civil penalty may constitute 'punishment' for the purpose of double jeopardy analysis." 490 U.S. at 436, 109 S.Ct. at 1895. There, the defendant had been convicted of 65 separate violations of the criminal false claims statute, 18 U.S.C.A. § 287, each involving a demand for $12 in reimbursement for medical services worth only $3. After the defendant was sentenced to two years in prison and fined $5,000, the government filed a separate action under the civil False Claims Act, 31 U.S.C.A. §§ 3729-3731, seeking a $2,000 civil penalty for each of the 65 violations. The trial court found that the $130,000 recovery the statute authorized "bore no 'rational relation' to the sum of the Government's $585 actual loss plus its costs in investigating and prosecuting Halper's false claims." *Id.* at 439, 109 S.Ct. at 1897. In the trial court's view, a civil penalty "more than 220 times greater than the Government's measurable los[s] qualified as punishment" and was barred by the double jeopardy clause. *Id.* On appeal, the Supreme Court rejected the government's contention that the double jeopardy clause applied only to punishment imposed in criminal proceedings. The Court held "that the Government may not criminally prosecute a defendant, impose a criminal penalty upon him, and then bring a separate civil action based on the same conduct and receive a judgment that is not rationally related to the goal of making the Government whole." *Id.* at 451, 109 S.Ct. at 1903.

■ In reaching this holding, the Court reasoned that because double jeopardy protection is "intrinsically personal," a court must look to the "character of the actual sanctions imposed on the individual by the machinery of the state" to determine whether a civil sanction is punishment and thus falls within the double jeopardy clause's prohibition. *Id.* at 447, 109 S.Ct. at 1901. To determine whether a civil sanction is punishment, a court must engage in "a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve." *Id.* at 448, 109 S.Ct. at 1901. The goals of punishment are "retribution and deterrence." *Id.* at 448, 109 S.Ct. at 1902. A civil sanction which "bears no rational rela-

tion to the goal of compensating the Government for its loss" is punishment and triggers double jeopardy protection. *Id.* at 449, 109 S.Ct. at 1902. On the other hand, a sanction which serves solely a remedial purpose is not punishment. *Id.* at 448–449, 109 S.Ct. at 1902. It is not necessary that the sanction be exactly the same size as the government's damages and actual costs. *Id.* at 446, 109 S.Ct. at 1901. As long as there is an "element of rough justice," between the harm caused and the sanction, the sanction is not punishment. *Id.* at 449, 109 S.Ct. at 1902. Because *Halper* involved a defendant who defrauded the government, the Supreme Court did not define what "government's damages" meant in cases in which the charge was something other than fraud.

■ The Supreme Court addressed the issue of punishment again in *Austin.* There, the Court held that forfeiture of property under 21 U.S.C.A. § 881(a)(4) and (7) is subject to the excessive fines clause of the eighth amendment to the United States Constitution, which provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. Under § 881(a)(4) and (a)(7), the government may seek forfeiture of conveyances such as vehicles or boats and real property if the conveyance or the property is used to transport or store drugs or facilitate the drug trade. In *Austin,* the owner of an automobile body shop and mobile home, who had pleaded guilty in state court to a charge of selling cocaine, challenged as an excessive fine the subsequent forfeiture in federal court of his house and mobile home pursuant to § 881(a)(4) and (7). The Court concluded that forfeiture under these subsections is punishment and therefore subject to the excessive fines clause for several reasons. First, because forfeiture is traditionally punishment, there is a strong presumption that a particular forfeiture statute is punishment. *Id.* at ——, 113 S.Ct. at 2810. Second, Congress intended the statute to be a deterrent because there is an innocent owner defense and because the legislative history shows that the arguments put forth in support of the statute mentioned deterrence. *Id.* at

——, 113 S.Ct. at 2811. Third, because property of any value may be forfeited under these section, there is no assurance that the value of the property forfeited will be commensurate with the harm caused or the costs of fighting the drug trade. *Id.* at ——, 113 S.Ct. at 2811. According to the Court, that a forfeiture statute's aim is in part nonpunitive does not necessarily except it from the excessive fines clause. *Id.* The Court then remanded the case for a determination of whether the forfeiture was excessive. *Id.*

■ The defendants in this case correctly observe that the Court in *Austin* focused on the statute under which the property was forfeited, not on the property or the particular facts of the case, as it had done in *Halper.* However, they then incorrectly extend *Austin* to support their argument that all civil forfeitures constitute punishment within the meaning of the double jeopardy clause. The defendants misread *Austin.* For example, the *Austin* Court recognized that, although civil forfeitures are subject to the excessive fines clause, not all forfeitures are punitive within the meaning of the clause. The *Austin* Court reaffirmed *United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 364, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984), in which it held that the forfeiture of contraband was only remedial and not subject to the double jeopardy bar. *Austin,* 509 U.S. at ——, 113 S.Ct. at 2811. Similarly, the Court cited with approval *One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438 (1972), in which it held that the forfeiture of goods involved in customs violations was not subject to the double jeopardy bar. *Austin,* 509 U.S. at ——, 113 S.Ct. at 2811–2812. More to the point, the *Austin* Court focused only on the statute because the only issue before it was "whether the Excessive Fines Clause of the Eighth Amendment applies to forfeitures of property under 21 U.S.C. §§ 881(a)(4) and (a)(7)." *Id.* at ——, 113 S.Ct. at 2803. The Court left for the trial court on remand the specific issue of whether the sanction imposed was, in fact, excessive.

Therefore, that a category of civil *statutes,* such as forfeiture statutes, is subject to the double jeopardy clause does not necessarily mean that all *sanctions* imposed under these statutes fall within in the clause's prohibition. As the Court stated in *Halper,* double jeopardy protection is "intrinsically personal." *Id.* at 447, 109 S.Ct. at 1901. A court must look to the "character of the actual sanctions imposed on the individual by the machinery of the state" to determine whether a civil sanction is punishment and thus falls within the double jeopardy clause's prohibition. *Id.* Indeed, in *Halper,* after concluding that a civil sanction imposed under the false claims statute was subject to double jeopardy protections, the Court warned that the double jeopardy clause would bar such a sanction as a successive punishment only in a "rare case." *Id.* at 449, 109 S.Ct. at 1902.

Accordingly, double jeopardy analysis after *Halper* and *Austin* requires that a court first inquire whether the statute's civil sanctions include sanctions which can be characterized as punishment. If they do not, then the court need not go any further and may conclude that the statute does not fall within the double jeopardy clause's coverage. However, if the statute's permissible sanctions include some that can constitute punishment, the court must determine whether the specific sanction imposed on the defendant is punitive.

■ Admittedly, the Ninth and Tenth Circuit Courts of Appeals have held that the double jeopardy clause barred all forfeiture of property under § 881(a)(6) where the forfeiture was based on conduct for which the claimant had been previously convicted. *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *amended and reh. denied,* 56 F.3d 41 (9th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 762, 133 L.Ed.2d 707 (1996); *United States v. 9844 South Titan Court,* 75 F.3d 1470 (10th Cir. 1996). These rulings created a split with Fifth Circuit Court of Appeals, which held in *United States v. Tilley,* 18 F.3d 295 (5th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 490 (1994), that a specific forfeiture pursuant to § 881(a)(6) was not punishment for double jeopardy purposes. In reaching their holdings, the Ninth and Tenth Circuits relied on *Austin* and applied a "categorical" approach to conclude

that all forfeitures under § 881(a)(6) invoke the clause's prohibition. *$405,089.23*, 33 F.3d at 1221; *9844 South Titan Court*, 75 F.3d at 1483–85. However, the Ninth and the Tenth Circuits fell short in their analyses because they failed to move to the next inquiry of whether the specific sanctions before them were punitive. With their exclusive reliance on *Austin*, they failed to pay sufficient homage to *Halper*. They failed to recognize that double jeopardy protection is "intrinsically personal," compelling the court to look at the "character of the actual sanctions imposed on the individual by the machinery of the state" to determine whether a civil sanction is punishment and thus falls within the double jeopardy clause's prohibition. *Id.* at 447, 109 S.Ct. at 1901.

B.

Here, for the reasons given in *Austin*, this court concludes that the double jeopardy clause applies to forfeitures of property under § 881(a)(6). Although *Austin* was an excessive fines case, the definition of punishment should be the same for double jeopardy and excessive fines purposes. Thus, a sanction imposed under § 881(a)(6) might, in some cases, constitute punishment.

However, based on the principles articulated in *Halper*, the court further concludes that the specific forfeiture sanction imposed against defendants Joseph Carl Brown and James William Brown was not punitive.[6] In the civil forfeiture proceeding, the court

found that the property at issue was the proceeds of illegal drug transactions. *Two Parcels of Real Property*, 868 F.Supp. at 313. Although the court did not find that all of the property had been purchased with drug proceeds, it did find that the value of the property forfeited and the claimants' combined reported incomes for the years 1983–1991 differed by between $300,000 and $543,544. Thus, of the $727,840 forfeited, at least $300,000 and at most $543,544 came from drug dealing. From this it follows that it is possible that the defendants forfeited between $184,296 and $427,840 of legitimate money.[7]

■ However, even if the defendants forfeited $427,840 of legitimate money, this court concludes that because the forfeiture action accomplished "rough justice," *Halper*, 490 U.S. at 446, 109 S.Ct. at 1901, it was not punishment for double jeopardy purposes. The difference between the amount forfeited and the harm caused fell within the acceptable limits of remedial sanctions. *See Halper*, 490 U.S. at 446, 109 S.Ct. at 1900 ("fixed sum plus double damages" not punishment). The court recognizes that such a forfeiture may well serve a deterrent purpose. However, that the forfeiture served in part a deterrent purpose does not automatically render it punishment. *Department of Revenue of Montana v. Kurth Ranch*, — U.S. —, —, 114 S.Ct. 1937, 1947, 128 L.Ed.2d 767 (1994). Thus, the defendants have failed to establish that the prior civil forfeitures were punishment for double jeopardy purposes.[8]

6. For the purposes of this analysis, the court assumes that the forfeiture complaints and count one of the criminal indictment describe the same behavior, and that the forfeiture proceeding and the criminal indictment are separate proceedings. Thus, if the forfeiture was punishment, the criminal prosecution would be barred by the double jeopardy clause.

7. This court has assumed that defendants properly forfeited all the property even though the property was in part the proceeds of legitimate funds. The propriety of the extent of the forfeitures is not before this court, and is a matter to be addressed, if anywhere, on the appeal from the civil forfeiture proceeding.

 However, it is worth noting that if the court in the civil forfeiture proceeding had limited the extent of the forfeitures to the extent that the property was the proceeds of illegitimate funds, it would be beyond doubt that the forfeitures

were purely remedial and not subject to the double jeopardy clause. *See United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 364, 104 S.Ct. 1099, 1105, 79 L.Ed.2d 361 (1984) (forfeiture of contraband was only remedial and not subject to the double jeopardy bar); *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 237, 93 S.Ct. 489, 493, 34 L.Ed.2d 438 (1972) (forfeiture of goods involved in customs violations was not subject to the double jeopardy bar).

8. Pursuant to *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir.1980) (citing *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)), *cert. denied*, 447 U.S. 926, 100 S.Ct. 3022, 65 L.Ed.2d 1120 (1980), the court is required to "make a written finding[ ] determining whether the motion is frivolous or nonfrivolous. If the claim is found to be frivolous, the filing of a notice of appeal by the defendant shall not

Accordingly, it is ORDERED that the motion to dismiss the indictment, filed by defendants Joseph Carl Brown and James William Brown on January 5, 1996, is denied.

divest the district court of jurisdiction over the case." The court finds that the defendants' dou-

ble jeopardy claim is nonfrivolous.