**UNITED STATES of America, Plaintiff,**

v.

**ONE PARCEL OF REAL ESTATE LOCATED AT 116 VILLA RELLA DRIVE, ISLAMORADA, MONROE COUNTY, FLORIDA, Defendant.**

No. 87–10031 Civ.

United States District Court,
S.D. Florida,
Miami Division.

Dec. 28, 1987.

G. Russell Peterson, Vero Beach, Fla., for defendant.

## ORDER GRANTING MOTION TO DISMISS COUNTERCLAIM

JAMES LAWRENCE KING, Chief Judge.

This cause comes before the court on the government's motion to dismiss the counterclaim for interpleader. After reviewing the law and the record, the court grants the motion to dismiss.

The government seeks forfeiture of real property owned by the claimants, John and Mary Petrie, and located in Monroe County, Florida. This property is alleged to be the last link in a chain of proceeds from drug trafficking. The government alleges that a Mr. and Mrs. Kiser engaged in a pattern of drug trafficking, the profits from which were used to purchase real property in North Carolina. The Kisers then transferred the North Carolina property to the Petries for no consideration in what the government contends was a sham transaction. The Petries then sold the North Carolina property and purchased the defendant property with the proceeds from the sale.

The government argues that these allegations are sufficient for forfeiture under 21 U.S.C. section 881(a)(6) (1984). This section provides that "all moneys ... furnished ... in exchange for a controlled substance ... [and] ... all proceeds traceable to such an exchange" are subject to forfeiture. *Id.*

In support of their counterclaim, claimants argue for a novel interpretation of section 881(a)(6). They maintain that section 881(a)(6) can only reach the funds actually exchanged for the drugs, or in the case of proceeds, that portion of the proceeds that is proportional to the amount of funds utilized in the drug exchange. The claimants, therefore, argue that the subject of any section 881 forfeiture action is the funds used in the illicit transaction, whether these funds remain in currency form, or take the form of real property.

Under this theory the government would be limited to only an amount equal to the original funds invested in the North Carolina property. Any increase in value (over the original investment) in either the North

Carolina property or the Monroe County property would belong to the Petries.

The Petries allege that they still owe a debt to the Kisers. They claim that they intended to utilize the funds from the North Carolina sale, now represented by the Monroe County property, to pay back the Kisers.

The Petries tie this factual allegation in with their proposed construction of section 881(a)(6), and argue that these funds claimed by the Kisers are the same funds the government now claims should be forfeited in this action. Because they potentially face these two adverse claims with respect to these funds, the Petries asserted a counterclaim for interpleader.

Claimants, however, misconstrue the statute. The action is one based on *in rem* jurisdiction; that is, the Monroe County property is the subject matter of this case. Only the government and the Petries assert rights in this property. Given this realization, the Petries' counterclaim for interpleader should be dismissed.

The congressional intent underlying 21 U.S.C. section 881(a)(6) is that the statute reach not only the actual funds utilized in the illicit transaction, but also the items these funds purchased. In the legislative history supporting the 1984 amendments to section 881, Congress noted that this statute, like all civil forfeiture statutes, was designed to destroy organized criminal activity. S. Rep. No. 225, 98th Cong., 2d Sess. 191 (1984), *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3374. Congress believed the motive of this criminality was profit. *Id.* To attack this motive, Congress designed a series of forfeiture provisions designed to attack organized crime's economic power. *Id.* To directly destroy the fruits of organized crime—the items of value purchased with money derived from crime—Congress specifically manufactured civil forfeiture statutes as "*in rem* proceedings against the property itself." *Id.* Only in this manner did Congress believe the economic power feeding organized crime would be ruined.

Courts have always stressed that forfeiture actions rest upon the fiction that the property itself is guilty of the underlying crime. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680–685, 94 S.Ct. 2080, 2090–2093, 40 L.Ed.2d 452 (1974) (discussing the history of the English common law's "deodand," the forerunner of the current American forfeiture provisions); *see also In re Application of Michael J. Kingsley*, 802 F.2d 571, 580 (1st Cir.1986) (Coffin, C.J., concurring) (noting that a section 881(a)(6) proceed action is based on civil *in rem* jurisdiction). This fiction is appropriate in an action seeking a forfeiture of property that is a proceed of an illicit transaction. Proceeds of this type of transaction are the profits of organized criminal activity. If the government sought forfeiture of proceeds property only to recover the funds actually exchanged in the illicit transaction, the congressional purpose underlying section 881(a)(6) would never be accomplished.

The true subject matter of this forfeiture action, therefore, is the Monroe County property, to which only the government and the claimants allege ownership. The government maintains that the property should be forfeited because it is a proceed of illicit drug transactions. The claimants allege ownership under Florida property law in their Notice of Claim. The claimants further allege that no one else has an interest; in fact, they specifically mention that the Kisers do not have an interest in Monroe County property.

Claimants' action for interpleader cannot lie for they do not face multiple liability and have an interest in the alleged stake—the property. *See Michigan Teamsters Joint Council No. 43 v. Bufalino*, 626 F.Supp. 51 (E.D.Mich.1985) (requiring a legitimate threat of multiple loss); *Purdes v. Carvel Hall, Inc.*, 301 F.Supp. 1256 (S.D. Iowa 1969) (requiring a stakeholder to acknowledge his own lack of entitlement to the stake). Because the claimants do not meet these requirements, their counterclaim for an interpleader action must be dismissed.

Accordingly, upon the government's motion, and this court being fully advised, it is

ORDERED AND ADJUDGED that the motion to dismiss the counterclaim for interpleader be, and the same is, GRANTED. The counterclaim is dismissed with prejudice.