No. 95-2978

United States of America,        *
                                  *
        Appellee,          *  Appeal from the United States
                                  *  District Court for the
    v.                     *  Eastern District of Missouri.
                                  *
Thirty-Nine Thousand Eight     *
Hundred Seventy-Three and      *
No/100 Dollars ($39,873.00),   *
                                  *
        Defendant,        *
                                  *
Vernell Armfield,          *
                                  *
        Claimant-Appellant.   *

_____

Submitted: February 13, 1996

Filed: April 9, 1996
_____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit
    Judges.
_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

     Vernell Armfield appeals from a judgment of forfeiture against a sum of cash found in his possession. We affirm the judgment of the district court.[1]

     Federal law makes subject to forfeiture all money furnished or intended to be furnished in exchange for illegal drugs, all proceeds traceable to such an exchange, and all money used to or

___

[1]The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

intended to be used to facilitate illegal drug trafficking.  See 21 U.S.C. § 881(a)(6).  In forfeiture proceedings the government bears the initial burden of proving probable cause to connect the property to drug trafficking, but once probable cause is shown, the burden shifts to the claimant to show by a preponderance of the evidence that the property is not connected with drug trafficking or that some defense to forfeiture applies.  See 19 U.S.C. § 1615; United States v. Eighty-Seven Thousand Sixty Dollars, 23 F.3d 1352, 1354 (8th Cir. 1994); United States v. Ninety One Thousand Nine Hundred Sixty Dollars, 897 F.2d 1457, 1462 (8th Cir. 1990).  The government demonstrates probable cause when its evidence creates "more than a mere suspicion but less than prima facie proof" that the money is connected with drug trafficking.  Ninety One Thousand Nine Hundred Sixty Dollars, 897 F.2d at 1462.  In reviewing a forfeiture proceeding, we must accept the district court's factual findings in support of its conclusion that the government demonstrated probable cause unless those findings are clearly erroneous.  See, e.g., id.  A finding of probable cause itself, however, based upon those factual findings is subject to de novo review as a mixed question of law and fact.  United States v. $38,600 in U.S. Currency, 784 F.2d 694, 697 (5th Cir. 1986).

We recite hereafter the district court's factual findings, some of which are conceded to be correct, and none of which is clearly erroneous. Mr. Armfield was driving a rental car north on United States Highway 61 in Madison County, Missouri, when the Missouri State Highway Patrol stopped him for speeding.  He said that he was on his way to Chicago after visiting Houston for five days, and that he was trying to find Interstate 55 (having missed the turn at Poplar Bluff, Missouri) when the officers stopped him. Mr. Armfield indicated that he had been visiting relatives in Houston, Texas, but he later said that he was visiting friends in that city.

Mr. Armfield consented to a search of the car, after which officers found several items in the trunk including a black suitcase containing pants, a roll of duct-tape, and a package of dryer sheets. Officers searched a vinyl bag on the front seat which contained rolling papers, whereupon Mr. Armfield conceded that he smoked "a little weed." (Indeed, a hand-rolled marijuana cigarette subsequently fell out of his shoe.) He also possessed a sky pager. The officers found bundles of cash under the back seat totaling $38,580.00, as well as $283.00 in Mr. Armfield's pocket. A dog trained to discover drugs alerted to the money.

We note Mr. Armfield's objection to a few of the district court's factual findings regarding the number of pants in the suitcase and whether Mr. Armfield had been suspended rather than discharged from his employment by the Postal Service. We are confident that these trivial misstatements on inconsequential matters had no effect on the district court's ruling.

The district court concluded that the government had met its burden of proving probable cause that the money was connected to drug transactions. In reaching this conclusion, the district court relied on its findings that Mr. Armfield possessed drug-related paraphernalia such as duct-tape, dryer sheets, rolling papers, a sky pager, and even had a marijuana cigarette stashed in his shoe, that he admitted that he was a drug user, and that he had a large amount of money that had been carefully concealed.

The district court found that Mr. Armfield failed to carry his burden of proving that the money was not connected with drug trafficking. Although the district court said that Mr. Armfield offered no evidence to rebut the government's proof that the money was subject to forfeiture, we believe that what the district court meant was that it did not find Mr. Armfield's proffered explanation credible. Mr. Armfield claimed that the money represented his life savings from employment, and while he admitted possession of all

the items found in the vehicle, he protested that he was not involved in drug trafficking. Mr. Armfield also acknowledged that he had had no source of income since he left the postal service a year before his arrest.

In holding that sufficient evidence existed to establish probable cause, we emphasize several facts. First, we have recognized that possession of a large amount of cash (here, nearly $40,000) is strong evidence that the cash is connected with drug trafficking. <u>United States v. U.S. Currency, in the Amount of $150,660.00</u>, 980 F.2d 1200, 1206 (8th Cir. 1992). Second, Mr. Armfield's possession of drugs is a circumstance that inclines against him. Third, evidence at the forfeiture hearing showed that drug traffickers sometimes use dryer sheets to mask the odor of narcotics and that duct-tape is then used to bind together those sheets into a package. Finally, the sky pager in Mr. Armfield's possession also suggests in some slight degree that Mr. Armfield was engaged in drug trafficking. We therefore conclude that the district court did not err in finding that the government had met its burden of showing probable cause. The district court's conclusion that Mr. Armfield's explanations were not credible is not clearly erroneous. Judgment was therefore properly entered in favor of the United States.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-