95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
RESIDENCE, 705 CADEN LANE, LEXINGTON, FAYETTE COUNTY,
KENTUCKY, With All Appurtenances and Improvements
Thereof, In the Name of Danny Lewis
LaFollette, Defendant,
Danny Lewis LaFollette, Claimant-Appellant.
 No. 95-5759.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1996.
 
 Before: SILER and BATCHELDER, Circuit Judges, and CARR, District Court Judge.[1]
 PER CURIAM.
 
 
 1
 This is a forfeiture case in which claimant-appellant Danny LaFollette claims that the plaintiff-appellee United States' forfeiture action against his house violated his Fifth Amendment rights against double jeopardy and self-incrimination. He also asserts that the forfeiture action should have been barred by laches.
 
 
 2
 LaFollette was arrested in Lexington, Kentucky and charged with cultivating marijuana. He entered a conditional guilty plea after filing a motion to suppress evidence. His appeal was pending in the Kentucky Supreme Court (which had accepted discretionary review) when the federal government instigated the present action. In a decision filed February 22, 1996, and titled LaFollette v. Commonwealth of Kentucky, 915 S.W.2d 747 (Ky.1996), the Kentucky Supreme Court held that LaFollette's rights under the Fourth Amendment were not violated by the police's flyover search. Consequently, LaFollette's guilty plea is no longer conditional.
 
 
 3
 On November 30, 1993, the federal government brought the present forfeiture action and was granted summary judgment. LaFollette has appealed that decision. For the following reasons, we affirm.
 
 1. Denial of Stay
 
 4
 According to LaFollette, the trial court erred by not holding the action in abeyance pending the decision of the Kentucky Supreme Court. Denial of a motion for a stay is reviewed for abuse of discretion. United States v. Lot 5, Fox Grove, 23 F.3d 359, 361 (11th Cir.1994), cert. denied, 115 S.Ct. 722 (1995). To determine whether a stay should be granted, the analysis uses the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction: 1) the likelihood of success on the merits; 2) the likelihood of irreparable harm; 3) the prospect of harm to others if the court grants the stay; and 4) the public interest in granting the stay. Michigan Coalition v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991), rev'd on other grounds, 954 F.2d 1174 (6th Cir.1992).
 
 
 5
 In light of those factors, the district court did not abuse its discretion by denying the stay. LaFollette did not make any showing that he was entitled to a stay or even that the Kentucky Supreme Court's decision that the evidence should be suppressed would impact the federal civil forfeiture action to any degree.
 
 2. Summary Judgment
 
 6
 a. Laches
 
 
 7
 LaFollette's claim that the government should be barred by laches fails because the United States is not subject to laches when bringing a civil forfeiture suit. United States v. Property Entitled in the Name of Alexander Morio Toki, 779 F.Supp. 1272, 1278 (D.Haw.1991). Furthermore, LaFollette has been in possession of the subject property for the four years since the search warrant was executed; therefore, he has not been deprived of the use of the property while awaiting the action's outcome.
 
 
 8
 b. Sufficient Proof that Property Was Purchased with Drug Money
 
 
 9
 According to LaFollette, there is no evidence that the subject house was purchased with the proceeds of illegal activity; thus, the house cannot be forfeited to the government. For support, he cites United States v. One 1980 Rolls Royce, VIN # SRL39955, 905 F.2d 89 (5th Cir.1990), in which the court ruled that property was not subject to forfeiture to the extent that it could be proved it was purchased with legitimate funds.
 
 
 10
 LaFollette's argument fails, however, because the government has sought the forfeiture under a different code section than the one used in One 1980 Rolls Royce. In that case, the government sought forfeiture under 21 U.S.C. § 881(a)(6) which deals with property furnished in exchange for controlled substances. In contrast, the government in the present case seeks forfeiture under 21 U.S.C. § 881(a)(7) which involves property "used in any manner or part to facilitate" a drug crime. Because LaFollette was growing marijuana in one of the rooms of his house, it is appropriate for the government to seek the house's forfeiture under § 881(a)(7).
 
 3. Double Jeopardy
 
 11
 This case is controlled by the Supreme Court's recent decision in United States v. Ursery, --- U.S. ----, 116 S.Ct. 2135, 2149 (1996), in which the Court held that "in rem civil forfeitures are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Consequently, the Double Jeopardy Clause was not violated when the federal government brought the present civil forfeiture action after LaFollette's conviction.
 
 
 12
 Therefore, for the foregoing reasons, we affirm.
 
 
 
 [1]
 The Honorable James G. Carr, District Judge, United States District Court for the Northern District of Ohio, sitting by designation