_____

No. 96-1338
_____

United States of America,                    *
                                              *
          Appellee,                           *
                                              *
     v.                                       *
                                              *
$13,000.00 in United States                   *    Appeal from the United States
Currency,                                     *    District Court for the
                                              *    District of Nebraska.
          Defendant,                          *
                                              *        [UNPUBLISHED]
Maurilio Ramirez,                             *
                                              *
          Appellant.                          *

_____

                    Submitted:  November 1, 1996

                     Filed:  November 7, 1996
_____

Before BEAM, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


     In June 1995, the government filed this civil forfeiture action under
21 U.S.C. § 881(a)(6) against the defendant currency.  Maurilio Ramirez
answered and filed a claim to the currency.  After a bench trial, the
district court[1] entered judgment for the government and against Ramirez,
and ordered the $13,000 forfeited to the government.  Ramirez appeals.


     Under section 881(a)(6), money used in, intended for use in, or
traceable to a drug transaction is subject to forfeiture.  In a forfeiture
proceeding, the government meets its initial burden of

_____

     [1]The Honorable Lyle E. Strom, United States District Judge for
the District of Nebraska.

establishing probable cause when its evidence creates "more than a mere suspicion but less than prima facie proof" that the money is connected with drug trafficking.  United States v. $91,960.00, 897 F.2d 1457, 1462-63 (8th Cir. 1990).  The burden then shifts to the claimant to show by a preponderance of the evidence that the property is not connected with drug trafficking.  United States v. $39,873.00, 80 F.3d 317, 318 (8th Cir. 1996).  We review the district court's factual findings for clear error, but review de novo the finding of probable cause, as it involves a mixed question of law and fact.  Id.

We conclude the district court's factual findings were not clearly erroneous, and agree that the government established probable cause by the following evidence.  First, Ramirez had another individual purchase for him, with cash, a one-way plane ticket to a source city.  See $91,960, 897 F.2d at 1462-63.  Second, Ramirez was carrying in his luggage a large sum of cash that was bound by a rubber band rather than by bank money wrappers.  See United States v. United States Currency, in Amount of $150,660.00, 980 F.2d 1200, 1206 (8th Cir. 1993); United States v. $12,390.00, 956 F.2d 801, 806 (8th Cir. 1992).  Third, a drug-detection dog indicated the odor of narcotics was present on Ramirez's luggage and on the money.[2]  See $91,960, 897 F.2d at 1463.  Finally, Ramirez was unable to corroborate his statements that he earned the money working construction.  See $150,660, 980 F.2d at 1207.

We also agree Ramirez failed to carry his burden of proving by a preponderance of the evidence that the money was not connected with drug trafficking.  He had the opportunity to call witnesses or introduce other evidence corroborating his testimony, but he did

---

[2]Although Ramirez argues that a large percentage of the currency now in circulation is contaminated with narcotics residue, we believe the procedures employed here enhanced the reliability of the drug dog's response to the money.

not do so.  We note that the district court's determination of Ramirez's credibility is virtually unassailable on appeal.  See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.