# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3074

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * |
| v. | * |
| | * |
| Premises Known as 7725 Unity | * |
| Avenue North, Brooklyn Park, | * |
| Minnesota, | * |
| | * |
| Defendant. | * |
| _____ | * |
| | * |
| Tonya Howell; Anthony Tyrone | * |
| Howell; County of Hennepin; | * |
| | * |
| Claimants, | * |
| | * |
| GMAC Mortgage Corporation, | * |
| | * |
| Movant-Appellant. | *    Appeals from the United States |
| |      District Court for the District |
| _____ |      of Minnesota. |

No. 01-3212

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Plaintiff-Appellee, | * |
| | * |

|                                           |     |
|-------------------------------------------|-----|
| v.                                        | *   |
|                                           | *   |
| Premises Known as 7725 Unity              | *   |
| Avenue North, Brooklyn Park,              | *   |
| Minnesota,                                | *   |
|                                           | *   |
| Defendant.                                | *   |
| _____                    | *   |
|                                           | *   |
| Tonya Howell; Anthony Tyrone              | *   |
| Howell;                                   | *   |
|                                           | *   |
| Claimants-Appellants,                     | *   |
|                                           | *   |
| County of Hennepin;                       | *   |
|                                           | *   |
| Claimant,                                 | *   |
|                                           | *   |
| GMAC Mortgage Corporation,                | *   |
|                                           | *   |
| Movant.                                   | *   |

_____

Submitted: June 10, 2002

Filed: July 1, 2002

_____

Before BOWMAN, FAGG, and BYE, Circuit Judges.

_____

FAGG, Circuit Judge.

After Anthony Tyrone Howell pleaded guilty to conspiracy to distribute cocaine, cocaine base, and marijuana, the Government filed this action seeking civil forfeiture of Howell's house at 7725 Unity Avenue North, Brooklyn Park, Minnesota,

under 21 U.S.C. § 881(a)(6) (2000).  Howell and his wife, Tonya Howell, refinanced an existing GMAC mortgage through GMAC Mortgage Corporation (GMAC) in March 1999.  Although it made two unsuccessful attempts to register the mortgage, GMAC did not register its $53,043.00 mortgage interest with the registrar of titles until December 1999.  The Government filed a notice of lis pendens against the property in August 1999, before GMAC registered its mortgage.  The Government also complied with relevant public notice provisions.  The Howells and GMAC contested the forfeiture.

The district court rejected the Howells' claims to the property, finding the Howells failed to show sufficient legitimate income to provide the down payment and mortgage payments, and Tonya Howell failed to show she was an innocent spouse.  The district court also rejected GMAC's claim, finding GMAC lacked standing to contest the forfeiture because GMAC's mortgage was registered after the lis pendens.  The district court granted the Government's motion for summary judgment.  The entire value of the property was forfeited to the Government.  GMAC and the Howells appeal, claiming the mortgage funds were improperly forfeited to the Government.  Having carefully reviewed the record de novo and considered the facts and all reasonable inferences that can be drawn from them in the light most favorable to the claimants,  we reverse the district court's grant of summary judgment and remand the case for further proceedings. United States v. 318 South Third Street, 988 F.2d 822, 824 (8th Cir. 1993).

We begin by addressing the threshold question of standing.  The Government concedes the Howells have standing, but claims GMAC lacks standing under Article III.  To have Article III standing, GMAC must show a sufficient ownership interest in the property to create a case or controversy capable of federal judicial resolution. United States v. 1998 BMW "I" Convertible, 235 F.3d 397, 399 (8th Cir. 2000). Ownership interest can be shown by actual possession, control, title, and financial

stake.  Id.  GMAC's ownership interests are defined by state law.  United States v. Tracts 10 & 11 of Lakeview Heights, 51 F.3d 117, 121 (8th Cir. 1995).

Under Minnesota law, "[t]he act of registration shall be the operative act to convey or affect the land."  Minn. Stat. § 508.47, subd. 1 (2000).  Because only the act of registration creates an interest in land, GMAC had no legal interest in the property before it registered its mortgage.  Mill City Heating & Air Conditioning Co. v. Nelson, 351 N.W.2d 362, 364 (Minn. 1984).  GMAC perfected its interest in the property by registering its mortgage in December 1999.  Minn. Stat. § 508.54 (2000).  The act of registration not only created an interest in the property, but also defined the priority of that interest.  Because the Government filed its notice of lis pendens before GMAC registered the mortgage, GMAC's interest is junior to the Government's interest.  Minn. Stat. § 557.02 (2000) (providing for notice of lis pendens).  Standing and priority of interest are separate questions, and it is important to distinguish between them.  To have standing, a claimant need not prove the underlying merits of the claim.  United States v. $515,060.42 in United States Currency, 152 F.3d 491, 497-98 (6th Cir. 1998).  The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property.  Id.  Because  GMAC's mortgage can be satisfied by the return of the property subject to forfeiture, GMAC's junior lienholder interest in the property is sufficient to support Article III standing.  Resolution Trust Corp. v. Kemp, 951 F.2d 657, 663 (5th Cir. 1992) (resolving claim of purchaser subject to superior lis pendens claim).  GMAC need not prove its interest is superior to the Government's interest to have a stake in the outcome of the forfeiture proceedings.

The Government cites Fingerhut Corp. v. Suburban National Bank, 460 N.W.2d 63, 66 (Minn. Ct. App. 1990), claiming under Minnesota law, a mortgage holder whose interest is subordinate to a lis pendens lacks standing.  We disagree with the Government's interpretation and conclude Fingerhut addresses the separate question of priority of interest.  In Fingerhut, a notice of lis pendens was filed after

the mortgage holder last searched the property title but four days before the mortgage was registered. The Minnesota Court of Appeals held the priority interest protected by the lis pendens defeated the subordinate mortgage claim. Id. at 65. Under Fingerhut, because GMAC's interest is subordinate to the Government's lis pendens, GMAC cannot recoup its mortgage loan proceeds before the forfeiture proceedings are resolved. Id. at 66. The Government is entitled to take all properly forfeited property before junior interests are considered. Once the Government's suit described in the lis pendens is resolved, either because the Government succeeded in the forfeiture proceedings, the Government was defeated, or the case was dismissed, the lis pendens will be canceled. Minn. Stat. § 508.67 (2000). If any property or proceeds from the sale of the property remain, junior lienholders' claims may be satisfied from the residual property or proceeds. See Shaw Acquisition Co. v. Bank of Elk River, 639 N.W.2d 873, 877 (Minn. 2002). If no property or proceeds remain after the resolution of the forfeiture proceedings, junior lienholders like GMAC will be left empty-handed. Having concluded GMAC's interests are junior to the Government's forfeiture action, we next determine what property is subject to forfeiture.

Federal law provides that all money or things of value furnished in exchange for illegal drugs, all proceeds traceable to an exchange for illegal drugs, and all money used to facilitate illegal drug trafficking are subject to forfeiture. 21 U.S.C. § 881(a)(6); United States v. Thirty-Nine Thousand Eight Hundred Seventy-Three and No/100's Dollars, 80 F.3d 317, 318 (8th Cir. 1996). The Government bears the initial burden of proving probable cause to connect the property to drug trafficking. Id. After the Government makes this showing, the burden shifts to the claimant to show by a preponderance of the evidence that the property is not connected with drug trafficking or that some defense to forfeiture applies. Id. The parties do not dispute the district court's finding of probable cause for forfeiture, or the forfeiture of the Howells' equity in the property. Both the Howells and GMAC contest the forfeiture of GMAC's mortgage loan proceeds, claiming the mortgage proceeds were untainted

by and untraceable to illegal drug transactions. Although the Howells challenge the forfeiture of the loan proceeds, the Howells do not claim that the loan proceeds belong to them. The Government does not dispute the claim that the mortgage loan was clean, untainted money or that the loan proceeds belong to GMAC. In sum, there is no dispute that the mortgage loan proceeds are untainted by drug money, and that the loan proceeds belong to GMAC, not the Howells. The only issue we must resolve on appeal is whether the Government is entitled to forfeit GMAC's undisputably untainted mortgage loan proceeds.

"[F]orfeitures are not favored in the law and should be enforced only within both the letter and spirit of the governing provisions." United States v. One 1987 Mercedes Benz 300E, 820 F. Supp. 248, 251 (E.D. Va. 1993) (citing United States v. One 1936 Model Ford V-8 De Luxe Coach, 307 U.S. 219, 226 (1939)). Under the language of the statute, only those proceeds traceable to illegal drug money are subject to forfeiture. 21 U.S.C. § 881(a)(6); United States v. 92 Buena Vista Avenue, 507 U.S. 111, 123 (1993). Because there is no dispute that GMAC's loan proceeds are not traceable to illegal drug money, the Government has no right to forfeit the innocent loan proceeds. United States v. One 1980 Rolls Royce, 905 F.2d 89, 90 (5th Cir. 1990); see also United States v. 1980 Lear Jet, Model 35A, 38 F.3d 398, 401 (9th Cir. 1994) ("This notion of an 'innocent lienholder' constitutes an exception to the rule that property used to facilitate a felony drug transaction will be forfeited *in toto* to the federal government.").

The Government contends GMAC's legitimate funds are subject to forfeiture because the loan proceeds were comingled with illegal drug proceeds. See United States v. 15603-85th Avenue North, 933 F.2d 976, 982 (11th Cir. 1991). We reject this contention. The Eleventh Circuit case cited by the Government provides legitimate funds are subject to forfeiture if those funds are *knowingly* comingled with forfeitable funds. Id. The only evidence in the record addressing GMAC's knowledge is GMAC's affidavit denying knowledge of the Howells' drug activities.

-6-

(Appellant's App. at 27). The Government has offered no evidence that GMAC had actual knowledge of the Howells' illegal activities or that its loan proceeds were comingled with the Howells' drug profits.

We conclude neither the letter nor the spirit of the forfeiture statute allows the Government a windfall by forfeiting undisputedly innocent proceeds. Having concluded the Government is not entitled to forfeit the innocent loan proceeds contributed by GMAC, we remand this case for the district court to examine the property title and to determine who is entitled, under Minnesota law, to receive the residual proceeds not subject to forfeiture. We need not consider GMAC's or the Howells' equitable arguments. We thus reverse the district court's grant of summary judgment and order of forfeiture. We remand this case to the district court for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.